| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Bank of New York Mellon f/k/a Bank of New York as Trustee for the Certificateholders of CWMBS Inc., CHL Mortgage Pass-Through Truste 2005-13, Mortgage Pass-Through Certificates Series 2005-13 | **Order Filed on March 17, 2017<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In Re:<br><br>Mitchell J. Steinberg,<br><br>Debtor. | Case No.: 16-21369-MBK<br>Adv. No.:<br>Hearing Date: 3/28/17 @10:00 a.m.<br><br>Judge: Michael B. Kaplan |

## ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: March 17, 2017**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

Page 2
Debtor:      Mitchell J. Steinberg
Case No.:    16-21369-MBK
Caption:     **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Attorneys for Bank of New York Mellon f/k/a Bank of New York as Trustee for the Certificateholders of CWMBS Inc., CHL Mortgage Pass-Through Truste 2005-13, Mortgage Pass-Through Certificates Series 2005-13, holder of a mortgage on real property located at 37 Walden Court, Old Bridge, NJ 08857, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Eugene Roth, Esquire, attorney for Debtor, Mitchell J. Steinberg, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall make post-petition payments directly to Secured Creditor outside of the plan in accordance with the terms of the Court's loss mitigation order; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that in the event loss mitigation is unsuccessful, Debtor is responsible for the difference between the loss mitigation payment and the regular payment for the months this loan was in the loss mitigation program and Secured Creditor does not waive its rights to collect same; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to obtain a loan modification by the date set forth in the loss mitigation or as may be further extended by an Order Extending Loss Mitigation or an amended plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if loss mitigation is unsuccessful, Debtor shall modify the plan to cure the arrears, surrender the property, or sell or refinance the property within thirty days of the denial; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.